**Beatrice HACKWORTH,**
**Plaintiff–Appellant,**

v.

**JOCKEY INTERNATIONAL, INC.,**
**Defendant–Appellee.**

No. 02–5716.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 2003.

---

Leslie Rosenbaum, Rosenbaum & Rosenbaum, Lexington, KY, Charles T. Walters, Winchester, KY, for Plaintiff–Appellant.

Barbara A. Kriz, Baker, Kriz, Jenkins & Prewitt, Lexington, KY, for Defendant–Appellee.

* The Hon. William J. Haynes, United States District Court for the Middle District of Tennessee, sitting by designation.

Before DAUGHTREY and GILMAN, Circuit Judges, and HAYNES,* District Judge.

PER CURIAM.

Plaintiff Beatrice Hackworth appeals from the grant of summary judgment in favor of her employer, Jockey International, Inc., on Hackworth's claims of disability discrimination under Kentucky law. Specifically, the plaintiff challenges the district court's ruling that she was not entitled to the protection of the state statute's anti-discrimination provisions because she was not "substantially limited" in any major life activities as a result of her physical impairment.

Hackworth began working as a sewer at one of Jockey's Kentucky plants in 1987. Over time, however, the work caused muscle strain in Hackworth's neck and back, giving rise to an arthritic condition known as cervical spondylosis. By October 1998, the situation had worsened to the point that the plaintiff's face went numb and she could not lift her left arm while at work. As a result, her treating physician restricted her activity by recommending that she not lift more than 20 pounds on occasion, that she refrain from repetitive lifting of weights greater than five to ten pounds, that she avoid repetitive bending and twisting of the neck, and that she not use vibrating power equipment. Jockey meanwhile sought to accommodate her restrictions by assigning the plaintiff to odd jobs around the factory that did not entail the repetitive muscle and joint stress of sewing.

In late 1998, Jockey discontinued its sewing operations at the plaintiff's place of employment and Hackworth became a casualty of the reduction in force. She later tried to obtain other employment through

the company, but was told that no appropriate job openings existed. Unwilling to accept this explanation of Jockey's failure to rehire her, she concluded that the company was discriminating against her based upon her impairment, in violation of the protections afforded by the Kentucky civil rights statutes, K.R.S. §§ 344.010—344.990, and filed this lawsuit.

The district court, in addressing the defendant's subsequent request for summary judgment, first recognized that the Kentucky law on disability discrimination tracks the language of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, and that cases brought under the Kentucky statute are analyzed by reference to the ADA. *See Brohm v. JH Props., Inc.*, 149 F.3d 517, 520 (6th Cir. 1998). The court then determined that the evidence before it did not raise a genuine issue of material fact as to whether the plaintiff was in fact disabled.

Hackworth contended before the district court, as she continues to do before this court, that she is substantially limited in her ability to perform manual tasks, to lift, and to work. The district court found that the plaintiff's own testimony and the testimony of her physician and a vocational expert contradicted that allegation. The district judge highlighted evidence from the record indicating that Hackworth "can cook, clean, do yard work without having pain," "could lift her granddaughter who weighs 26 pounds," and "does not experience pain when she was doing normal activities." The district judge also recognized that the plaintiff herself admitted in deposition testimony that she has no restrictions in what she can do at home and can "pretty much do what [she] want[s] to do." Even Hackworth's treating physician explained that the plaintiff is not restricted by her impairment from performing all manual labor but, rather, only "assembly line work where ... you have to do some-

thing every five or ten seconds, ... where you're bending over here, picking up something, going back up, just doing that constantly for eight or ten hours a day...."

In light of such proof, we cannot say that the district court erred in ruling that Hackworth has not made the factual showing necessary to prevail on a claim of discrimination under Kentucky law. Judge Coffman correctly identified the relevant precedent and properly applied that law to the facts of this case. Because we conclude that the reasons why judgment should be entered for the defendant have thus been ably articulated by the district court, and because the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its memorandum opinion filed on April 30, 2002.